IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WASHINGTON, B69981,<br><br>    Petitioner,<br><br>  vs.<br><br>DEBBIE ASUNCION, Acting Warden,<br><br>    Respondent. | No. C 97-2316 CRB (PR)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY<br><br>(Dkt. #36) |

On April 17, 2001, the court denied on the merits petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state superior court conviction on two grounds – petitioner's right to a fair trial was violated when the jury saw him in shackles and the prosecution improperly used his post-<u>Miranda</u> silence as evidence of his sanity. On May 3, 2001, the court denied a certificate of appealability (COA) under 28 U.S.C. § 2253 and, on June 18, 2001, the Ninth Circuit also denied a COA.

On February 8, 2016, nearly fifteen years later, petitioner filed a motion for reconsideration or to vacate judgment under Federal Rule of Civil Procedure 60(b) claiming that the court had wrongly rejected his two previously-raised claims for relief. On February 16, 2016, the court denied the motion. The court explained that a Rule 60(b) motion that attacks a federal habeas court's previous resolution of a claim or claims on the merits must be treated as a successive petition and subjected to the requirements of 28 U.S.C. § 2244(b), which in part

preclude the filing a successive petition in this court unless petitioner first obtains from the Ninth Circuit an order authorizing this court to consider the petition, and petitioner has not obtained such an order from the Ninth Circuit.

Rather than requesting from the Ninth Circuit an order authorizing the filing of a successive petition in this court, petitioner filed a notice of appeal and a request for a COA from the court's denial of his Rule 60(b) motion. Petitioner's request for a COA (dkt. #36) is DENIED. Petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall forward to the Ninth Circuit the case file with this order. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

SO ORDERED.

DATED: Mar 4, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.97\Washington, D.97-2316.deny_coa.wpd